

ENTERED
08/27/2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| GILAD LUTFAK § | CASE NO: 15-31344 | |
| Debtor(s) § | | |
| § | CHAPTER 7 | |
| § | | |
| JEFF GAINSBOROUGH § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 15-3118 | |
| § | | |
| GILAD LUTFAK, *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Plaintiff Jeff Gainsborough's claims in this adversary proceeding are non-core. Accordingly, mandatory abstention is appropriate.

### Background

On December 17, 2012, Gainsborough filed suit against Lutfak and other non-debtor parties in Harris County District Court (the "Gainsborough Lawsuit"). (ECF No. 1-2). Gainsborough alleged that Defendants conspired to sell him a house with several material undisclosed defects located in Houston. *Id.* at 3. Specifically, Gainsborough alleged that Defendants made misleading statements designed to conceal the fact that the house had significant water damage. The house also allegedly had undisclosed structural defects which caused it to sway and its connection to the sewer line was deemed "seriously substandard" by the City of Houston. *Id.* Gainsborough sued Defendants for statutory fraud, common-law fraud, fraudulent inducement, negligent misrepresentation, negligence, breach of warranty, breach of contract, and violations of the Deceptive Trade Practices Act. Following a four-day trial, a jury returned a verdict in favor of Gainsborough. (Case No. 15-31344; ECF No. 29). On February 6,

2015, Gainsborough filed a motion requesting that the state court enter a final judgment against Lutfak in the amount of $1,143,700.00 plus post-judgment interest.[1] (ECF No. 1-12 at 11).

The state court scheduled a hearing for March 6, 2015, to consider entry of final judgment. On March 3, 2015, Lutfak filed a voluntary chapter 7 petition. (Case No. 15-31344; ECF No. 1). The next day, Lutfak filed a suggestion of bankruptcy in state court and no final judgment was entered. On March 19, 2015, Gainsborough filed a motion for relief from the automatic stay before this Court requesting the stay be lifted to allow Gainsborough to secure entry of final judgment in state court. (Case No. 15-31344; ECF No. 11). The Court issued an order on April 27, 2015, lifting the stay to allow entry of a final judgment. (Case No. 15-31344; ECF No. 20). However, the order stayed relief until May 11, 2015. On May 7, 2015, Lutfak removed the state court litigation to this Court. (ECF No. 1).

On May 17, 2015, Gainsborough filed a Motion Requesting Abstention or Equitable Remand. (ECF No. 7). Lutfak filed a summary judgment motion on June 9, 2015. (ECF No. 10). Gainsborough also commenced a separate adversary proceeding seeking exception to discharge under §§ 523(a)(2) and (a)(6) on June 5, 2015. (Case No. 15-03142; ECF No. 1). At a status conference on June 24, the Court requested briefing on a single narrow issue: does the fact that the outcome of state court litigation may have collateral estoppel or res judicata effect on the § 523 dischargeability complaint necessarily make it a core proceeding? The Court abated the issues of abstention and summary judgment pending the resolution of this question.

---

[1] The award would consist of $226,500.00 in actual damages, $120,000.00 in stipulated attorney's fees, $47,200.00 in prejudgment interest, and $750,000.00 in additional damages under the Deceptive Trade Practices Act.

## Analysis

Under 28 U.S.C. § 1334(a), the United States District Court has "original and exclusive jurisdiction of all cases under title 11." In addition, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," it is only necessary to determine that a matter is at least "related to" the bankruptcy. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a).

Matters referred to a bankruptcy court are bifurcated into two categories: "core" and "non-core." *Id.* § 157(b). It is the bankruptcy court's responsibility to determine whether matters before it are core or non-core. *Exec. Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2170 (2014). 28 U.S.C. § 157(b)(2) contains a nonexhaustive list of core proceedings. The relevant provisions are as follows:

(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate. . . ;
   . . .
(G) motions to terminate, annul, or modify the automatic stay;
   . . .
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
   . . .
(O) other proceedings affecting the liquidation of the assets of the estate. . . .

If a matter is core, the statute authorizes a bankruptcy judge to "hear and determine" and enter final judgment on a claim.[2] *Exec. Benefits*, 134 S.Ct. at 2172. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. *Id.*

The broad grant of jurisdiction contained in § 1334(b) is tempered by abstention principles applicable to certain state-law claims. Abstention is itself divided into two categories: mandatory abstention and permissive abstention. Mandatory abstention is codified in 28 U.S.C. § 1334(c)(2), which provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Courts have parsed this provision into a four part test for determining when a district court *must* abstain from hearing state law claims: "(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *Mugica v. Helena Chem. Co. (In re Mugica)*, 362 B.R. 782, 792 (Bankr. S.D. Tex. 2007) (citing *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 240 (5th Cir. 1997)).

Permissive abstention, by contrast, is equitable in nature and is left to a court's "broad discretion." *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996).

---

[2] *Stern v. Marshall* makes clear that a bankruptcy court may not enter final judgment even over some claims labeled by Congress as core. 131 S.Ct. 2594, 2608 (2011). Although "counterclaims by the estate against persons filing claims against the estate" are designated as core, a bankruptcy court does not have constitutional authority to enter final judgment over state law counterclaims not necessarily resolved by the proof of claim process. *Id.* Nevertheless, a bankruptcy court may enter final judgment over *Stern* claims with consent of all parties. *Wellness Int'l Network v. Sharif*, 135 S.Ct. 1932, 1949 (2015).

"[Permissive abstention] . . . demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *In re Wood*, 825 F.2d at 93. Relevant factors include:

(1) the effect or lack thereof on the efficient administration of the estate;

(2) extent to which state law issues predominate over bankruptcy issues;

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy docket;

(10) the likelihood that that commencement of the bankruptcy proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) comity; and

(13) the possibility of prejudice to other parties in the action.

*Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 631-32 (Bankr. S.D. Tex. 2009). If this adversary proceeding is core, then mandatory abstention does not apply and the Court would look to the permissive abstention factors. To that end, the Court must determine whether the

potential preclusive effect of a state court judgment necessarily makes this adversary proceeding core.

The Court finds that it does not. There is no question that a final state court judgment in the Gainsborough Lawsuit could have preclusive effect over certain findings of fact in a subsequent nondischargeability proceeding. Although res judicata is inapplicable in nondischargeability proceedings, collateral estoppel can be applied in such matters.[3] *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997). Collateral estoppel, also known as issue preclusion, "bars relitigation of any ultimate issue of fact which was litigated and essential to the judgment in a prior suit." *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex. App.-Houston 1992, no writ). It applies when:

> (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. Strict mutuality of parties is no longer required. It is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action.

*Neely v. Comm'n for Lawyer Discipline*, 976 S.W.2d 824, 827 (Tex. App.-Houston 1998, no writ). The underlying principle of collateral estoppel is that facts which have been fully litigated should not be retried.

If Gainsborough obtains a final judgment in state court against Lutfak, some (and perhaps all) issues of ultimate fact related to the sale of the house would already have been decided for the purposes of the nondischargeability action. Lutfak is a party to both proceedings, meaning the third element would be met. Lutfak has questioned whether the issues were fully and fairly litigated given the truncated trial schedule, but this Court ordinarily cannot question the final

---

[3] A federal court must look to state law to determine the preclusive effect of a state court judgment. *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). *See also In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996). Accordingly, the Court will apply Texas preclusionary law.

judgment of the state court. The full faith and credit statute provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." *Gayden v. Nourbakash (In re Nourbakash)*, 67 F.3d 798, 800 (9th Cir. 1995) (citing 28 U.S.C. § 1738). This Court would likely be bound by the factual determinations of the state court, although a finding of nondischargeability would not be automatic. *See, e.g.*, *Moore v. Cantu (In re Cantu)*, 400 B.R. 104, 110 (Bankr. S.D. Tex. 2008) (holding that a state jury verdict against defendant for intentional interference with contractual relations did not mandate an exception to discharge for "willful and malicious injury").

The potential preclusive effect of an adversary proceeding remanded to state court on a subsequent § 523 action does not necessarily transform a non-core proceeding into one that is core. A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the nature of a bankruptcy case. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). Just as in *Wood*, Gainsborough's state law suit against Lutfak is not based on any right created by federal bankruptcy law. It involves exclusively state law causes of action. Had there been no bankruptcy, Gainsborough would have been free to obtain final judgment in the state court. Nor has Gainsborough filed a proof of claim, thus invoking "the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, . . . and the peculiar powers of the bankruptcy court." *Id.*

*Wood* cautions against interpreting 28 U.S.C. § 157(b) in a way which would cause "the entire range of proceedings under bankruptcy jurisdiction [to] fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Bankruptcy Act." *Id.* at 95.

Lutfak has advanced precisely such an interpretation. He contends that because Gainsborough has filed a complaint for an exception to discharge under § 523, this adversary proceeding has been "converted . . . from a non-core case—a purely state law case—to a core case involving a substantive right provided by title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case." (ECF No. 12 at 4).

Lutfak's argument must fail because this adversary proceeding is *not* a proceeding to determine dischargeability. Gainsborough has filed a separate adversary proceeding as to nondischargeability. (Case No. 15-03142; ECF No. 1); *see also Wu v. Rhee (In re Rhee)*, 2011 WL 5240152 (Bankr. S.D. Tex. Oct. 11, 2011) (holding that the underlying state law claims are non-core where the § 523 action was brought in a separate adversary proceeding). In *In re Condra*, the plaintiff sued the debtor for fraud and negligence stemming from the sale of an auto insurance policy. 212 B.R. 987, 989 (Bankr. M.D. Ala. 1997). After the case was removed to bankruptcy court, the plaintiff filed a separate complaint for an exception to discharge. *Id.* at 992. Although the state law claims could have had a preclusive effect on the § 523 action, the court found that the lawsuit was non-core. *Id.* at 991. It held that the lawsuit "does not involve diversity of citizenship or federal question, and is capable of surviving without the Bankruptcy Code and in fact was instigated and processed prior to the filing of the debtor's bankruptcy case." *Id.* at 990-91. The court retained jurisdiction over the core dischargeability action "until the state court determines the extent, if any, of liability. . . . Then the Dischargeability Complaint may be heard by this court. . . ." *Id.* at 992.

Even if the nondischargeability claim was contained within the same adversary proceeding, the state law claims would remain non-core. In *Burkey v. Junod (In re Junod)*, the plaintiff commenced an adversary proceeding containing state law claims as well as a § 523

claim. 1990 WL 178992 at *1 (N.D.N.Y. Nov. 16, 1990). After the bankruptcy court withdrew the reference, the district court affirmed, stating:

> essentially that defendants' liability under non-bankruptcy law, involving matter at best only related to a case under title 11 . . . is a condition precedent to a finding . . . of the nondischargeability of any such liability. In short, the non-bankruptcy law matters entail non-core proceedings, with respect to which, given the lack of consent by the parties, the Bankruptcy Court may not enter final judgment but would be limited to the preparation of proposed findings of fact and conclusions of law. . . .

*Id.* Similarly, in *Cady v. Sapp (In re Cady)*, the plaintiff brought claims for conversion and breach of contract and a related § 523 complaint against the debtor in bankruptcy court. 1994 WL 16001762 at *1 (Bankr. S.D. Ga. Mar. 11, 1994). The court held that the discharge objection was a core proceeding but the underlying liability matter was non-core. *Id.* at *2. *See also Porter Capital Corp. v. Haley (In re Haley)*, 2014 WL 585296 (Bankr. N.D. Ala. Feb. 14, 2014) (holding that the question of liability in a nondischargeability complaint was non-core); *The Am. Registry of Radiologic Technologists v. Bennett (In re Bennett)*, 2011 WL 5546955 (Bankr. W.D. Tex. Oct. 7, 2011) (holding the same).

Finally, the Fifth Circuit has held that "[a]lthough determining that a debt is nondischargeable is plainly a core proceeding, governed by a specific provision of the Bankruptcy Code, the rendition of a monetary judgment in favor of the creditor on that debt *is not itself a core proceeding*. . . ." *Morrison v. Western Builders of Amarillo (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009) (emphasis added). The *Morrison* court—acknowledging the apparent contradiction of allowing a bankruptcy court to issue a final judgment over a non-core claim—nevertheless found that a bankruptcy court had authority to decide both the existence and nondischargeability of a debt. In so doing, the court reasoned:

> The pragmatic reasoning adopted by most circuit courts is hard to contradict. Logically, the litigation necessary to prove nondischargeability also proves the

> basis for and amount of the debt. There would be no judicial efficiency in requiring the beneficiary of a nondischargeability judgment to pursue a separate lawsuit in state or federal court to secure a money judgment against the debtor.

*Id.*

Perversely, Lutfak is attempting to require Gainsborough to pursue a separate lawsuit in bankruptcy court after Gainsborough has already obtained a favorable verdict in state court. This cuts against any notion of judicial efficiency as articulated in *Morrison*. Although *Morrison* allows a bankruptcy court to issue a final judgment over a state law claim in a nondischargeability proceeding, it acknowledges that such claims remain non-core and are subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2).

Turning to the elements of mandatory abstention, there is no independent basis for federal jurisdiction over this adversary proceeding. The claims are non-core. Not only has an action already been commenced in state court, the action has already been adjudicated and only awaits entry of a final judgment. Mandatory abstention is appropriate.

This proceeding will be remanded to the 127th Judicial District Court, Harris County, Texas. Gainsborough's request for permissive abstention and equitable remand is moot. Lutfak's motion for summary judgment is moot.

### Conclusion

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED **August 26, 2015.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE